IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>APPROXIMATELY $44,875 IN UNITED )<br>STATES CURRENCY SEIZED FROM )<br>DYMOND THOMAS ON APRIL 6, 2022 )<br>AT THE CHARLOTTE-DOUGLAS )<br>INTERNATIONAL AIRPORT ) | **Civil No. 3:22-mc-175** |

### *EX PARTE* MOTION FOR EXTENSION OF TIME
### TO FILE FORFEITURE COMPLAINT

NOW COMES Plaintiff the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, pursuant to 18 U.S.C. § 983(a)(3)(A), and, for good cause shown, hereby requests that this Court extend, for thirty days, the CAFRA deadline for filing a Complaint for Forfeiture *In Rem* in this matter. In support of this Motion, the Government submits as follows:

1. On April 6, 2022, Homeland Security Investigations ("HSI") seized $44,875 in United States currency from Dymond Thomas at Charlotte-Douglas International Airport during an interdiction operation.

2. Based on the information developed during the seizure, the U.S. Customs and Border Protection (who handles the administrative side of HSI cases) initiated an administrative forfeiture against the Currency, and sent notice to Thomas on May 9, 2022.

3. On June 9, 2022, CPB received a petition from Thomas, electing to have the forfeiture first determined administratively by CBP. Then, on July 26, 2022, CBP

1

received a letter from Thomas' counsel that he "has now hired me to file a second claim" and requesting that the matter be referred to the United States Attorney's Office. Thomas is the only administrative claimant to the Currency.

4. Thus, under CAFRA, the Government's current deadline to file a civil forfeiture complaint is Monday, October 24, 2022. *See* 18 U.S.C. 982(a)(3)(A).

5. This deadline may be extended by the Court under the plain language of the statute: "a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." *Id*.

6. This is the Government's first request for an extension of its CAFRA deadline. The Government requests a thirty-day extension, until and including Wednesday, November 23, 2022.

7. The Government first sought to satisfy the latter of the two disjunctive requirements—an agreement of the parties. To that end, the undersigned reached out to counsel for Claimant, explained the basis for the sought-after extension, and counsel for Claimant indicated she opposed the requested 30-day extension, as "[m]y client does not want things to be delayed any further."

8. Therefore, the Government moves *ex parte* to request the Court grant the 30-day extension "for good cause shown." *See, e.g., United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1144 (9th Cir. 2008) ("Accordingly, we conclude from an examination of the statutory language and its structure that courts have the authority to grant *ex parte* applications for time

extensions under CAFRA.").

9. This matter was referred to the USAO-WDNC on August 15, 2022. The undersigned AUSA needs additional time to complete his review of the case file, including, *inter alia*, documents related to the seizure, Thomas' extensive travel history to known drug-source locations, and roughly 1,400 CashApp transactions over a year or so period; review body-cam footage; investigate Thomas' explanation for the Currency's source and purported legitimate businesses further as well as another individual from whom Thomas claims he received a portion of the seized Currency; discuss the case with the case agents; make a reasoned decision on pursing judicial forfeiture; and if necessary, prepare and file a judicial complaint. *See, e.g., United States v. $10,160.00 in U.S. Currency*, 2012 WL 3608578, at *1 (D. Conn. Aug. 22, 2012) (good cause for two CAFRA filing extensions existed when AUSA required further information from DEA).

10. To that end, the undersigned AUSA carries a heavy caseload, will be on leave from October 20th until November 7th for his wedding and honeymoon, and before October 24th, will have to devote significant time and resources to (along with routine case duties), *inter alia*: (a) preparing the Government's complaint in intervention in *United States et al. ex rel. Heather Coleman v. Family First Home Health Care, LLC and Marion James*, Case No. 3:19-cv-405; (b) preparing for and arguing the Government's motion for summary judgment and response to motion to stay set for hearing on October 18, 2022 in *U.S. v. $16,761 in United States Currency*, Case No. 5:21-cv-53, (c) preparing and filing the Government's motion for summary

3

judgment in *U.S. v. $90,050 in United States Currency*, Case No. 3:21-cv-653; (d) responding to written discovery requests in *Clark v. Mayorkas*, 3:21-cv-673; and (e) taking the Plaintiff's deposition on October 19 in *Campbell v. Mayorkas*, Case No. 3:20-cv-697. Further, as to initial CAFRA period at issue, in the roughly month or so time period of September 2022 until to date in October 2022 (after the August 15th referral), the undersigned AUSA has, in addition to routine case duties on numerous civil and criminal cases, devoted significant time and resources to, *inter alia*, (a) preparing and filing a forfeiture complaint in *U.S. v. $83,513 in United States Currency*, Case No. 3:22-cv-00465; (b) preparing and filing briefing on a motion to strike and response to a motion to compel in *Campbell v. Mayorkas*, Case No. 3:20-cv-697; (c) preparing and filing a motion for summary judgment and reply brief, and response to motion to stay, in *U.S. v. $16,761 in United States Currency,* Case No. 5:21-cv-53; (d) preparing and filing a motion to dismiss and response to preliminary injunction motion in *Aljammoor v. Dep't of State, et. al*, Case No. 3:22-cv-459; (e) preparing and filing a motion to seal and preparing and filing the certified administrative record in *Brown, et al v. Mayorkas, et al*; Case No. 3:21-cv-00645; (f) preparing and filing a motion to dismiss in *Cardenas v. Mayorkas, et al.*, Case No. 5:22-cv-65; and (g) preparing and filing a response to a motion to dismiss in *U.S. v. $22,908.66 in United States Currency*, 3:22-cv-00290.

11. The Government seeks this extension in good faith prior to its CAFRA deadline, more time is needed for pre-filing review and investigation, the undersigned will be out of leave for his marriage and honeymoon at the CAFRA deadline, and a

short, 30-day delay will not prejudice Claimant—the Currency has already been seized, adequate time for a fully-reasoned intervention decision benefits all parties involved, and should the Government elect to file a judicial complaint, civil forfeiture cases take, *at least*, the better part of a year.[1] *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (indicating that a rule to grant deadline extensions for good cause "should be liberally construed to advance the goal of trying each case on the merits"); 4B Charles Alan Wright et al., Federal Practice and Procedure § 1165, at 605–08 (2015) (noting that district courts normally should grant extension requests, made before the deadline, in the absence of bad faith to the requesting party or prejudice to another party); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.") (good cause for briefing extension based, *inter alia*, on holiday weekend and counsel's out of state travel); *see generally Moore v. Dan Holdings, Inc.*, 2012 WL 5182922, at *3 (M.D.N.C. Oct. 18, 2012) (noting, in discovery context, that "the Court regularly receives extension requests of this sort and the undersigned cannot recall a single occasion in nearly three years of handling such matters in which an attorney has opposed a first 30–day extension of time to respond to written discovery requests. Other courts also view motions of this sort as routine matters unworthy of contest.").

12. Under such circumstances, Section 983(a)(3)(A) grants this Court authority to grant an extension for good cause shown.

---

[1] Moreover, Claimant himself delayed any ultimate resolution of this matter by originally electing to have CBP first determine it administratively and then reversing course.

5

Case 3:22-mc-00175-GCM-DCK   Document 1   Filed 10/12/22   Page 5 of 6

WHEREFORE, for the reasons set forth herein, the United States respectfully requests that this Court issue and Order for Extension in the form submitted herewith, granting a thirty (30) day extension to file any civil forfeiture complaint, until and including November 23, 2022.

Respectfully submitted this 12th day of October, 2022.

    DENA J. KING
    UNITED STATES ATTORNEY

    /s/ Seth Johnson
    J. Seth Johnson
    NC Bar No. 53217
    Assistant United States Attorney
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    Telephone: (704) 338-3159
    Email: seth.johnson@usdoj.gov

## CERTIFICATE OF SERVICE

Though this motion is made *ex parte*, as counsel for Claimant has requested a courtesy copy, I certify that I served a copy of this Motion on counsel for Claimant (who will not receive ECF service) via email:

Leslie M. Sammis
Sammis Law Firm
lsammis@sammislawfirm.com

    /s/ Seth Johnson
    Assistant United States Attorney